when you're ready. Good morning your honors, Robert Bryce Blatt on behalf of Apotex in this case. This case raises the interesting question of what is the impact when this court reverses a trial judge, holds a patent invalid, and specifically states in the decision that it is not getting to the other two issues raised on the appeal. I think it's important to look at the procedural background of this case. I know the court's probably familiar with it but let me highlight it again. This is a particular case where Apotex was sued by Daiichi for patent infringement under the ANDA statutes. We're well on up on the facts and some of us have dealt with this case a couple times. The question is why doesn't the inequitable conduct stand as the law of the case? Because the wanted to challenge it. Why didn't you challenge it on this appeal here? We did challenge inequitable conduct in our first appeal. Yes and the court expressly did not reach it. It said we do not reach that. And it didn't have to. We remand but we don't reach that. Actually the court did not remand. Well reversed. It reversed straight out, found the patent invalid, and the law of the case and issue preclusion, which are treated the same by a number of courts, the specific rule is that the party has to have it stay in court all the way through if it appeals as a matter of right, which Apotex did. When this court decided that it was not going to look at Apotex's appeal, then whatever the district court did down below was no longer the law of the case. Why? Because under issue preclusion Apotex did not have its full day in court. Its full day in court would have included a review by this court. You reviewed it and said we do not reach it. No actually it did not review it. This court said we're not even going to get to it. We don't reach it. Exactly. Right. We're not reaching. Believe me we read the brief. We know it was there. We reviewed it. We just did not reach it. Now the question I ask again, why didn't you just appeal it here if you wanted to discuss the merits of inequitable conduct again? I guess what I'm confused about is when this court says why didn't you appeal it again, I don't understand what this court means by appeal it again. We're appealing the decision down below now, which was on the motion to dismiss had it been a motion for summary judgment. The merits of the case would have been looked at and could be arguing that today, but that didn't happen. You're arguing here the application of the law of the case doctrine. Why didn't you argue that the inequitable conduct issue, the merits of the materiality and intent, why didn't you raise that here if you the damages you wish to receive? Again, I'm confused when the court says raise it here. Do you mean should we have filed a petition for rehearing on bonk after we had in fact gotten the patent held invalid? Is the court suggesting that on this argument up here we should have raised the merits of our unenforceability case when that part of the case was already over with? Unenforceability is over with. There is no law of the case on it because the patent was held to be invalid. This court never reviewed unenforceability. What we're now in front of the district court on is- So you have standing as a bar to you a finding that there was no inequitable conduct. That finding doesn't exist. There was no fraud and without that you can't make a Walker process claim because again, Walker process requires more than inequitable conduct. If you don't even reach inequitable conduct, you can't make Walker process arguments. We don't get to that point because the district court's findings are not the law of the case. What invalidated them? Where did this court say they are wiped off of the rule book for this case? Just as this court did not affirm the district court, it said it's been appealed. The cases talk about, and that's why the Masco case is so important with issue preclusion. When in fact an issue was appealed, the party has now and the court does not reach it. The party has not had its full day in court. There can't be a law of the case because we have not had our full hearing because when it was appealed, this court did not have to get to it. The law of the case at the district court doesn't depend on what this court does unless we reverse them. To the degree they are reversed, of course, that is wiped off of the books, but what wiped the inequitable conduct finding off of the books? When it was appealed, if we look at the law of the case, meaning that you must be allowed to have your full day in court. You had it, it came here, and we did not reach it, and so it remains as it was before. Unless you ask us to reconsider, which you probably should have done at the time, it is important because of our pending Walker process claim that you reach the inequitable conduct, and the court would have done so. But now you bring Walker process back to us. My argument is, why didn't you at the same time, because it's required, argue the district court's inequitable conduct was incorrect? And again, we did, and that's the problem. You didn't argue that here. We did argue that here. You're just arguing law of the case. We argued here in the first appeal, inequitable conduct. In the first case. In the first case. Before us here, before this patent. And. Judge Dyer's and Judge Deikin on it. Correct. We argued it then. This court found that patent invalid, and did not reach the other two arguments. Leaving in place the inequitable conduct finding. Against you. And under MASCO, by not reaching the inequitable conduct argument, that then acts to bar preclusion of the case and law of the case from applying down below. It's as if what occurred down below did not occur. We get our day in court on our new claim, which is the antitrust claim. If we had reversed it, if we had reversed the whole case, you would be correct. If we had just said, your judgment below is reversed. We only discussed maybe the obviousness, but we reversed the whole verdict. But we didn't do that here. We specifically said, we're not reaching a portion. This portion is reversed. We're not reaching this portion. Did you come back to the earlier panel and say, oh, no, you can't do that. You've got to decide it? No, because under MASCO, we felt by not ruling at all on it, by taking a position where this court was not affirming, was not reversing. In MASCO, under the issue preclusion, it was if there had been no decision made on inequitable conduct. And that's we didn't seek a petition for rehearing en banc. We had won. The patent was held invalid. Did you understand that when we said we weren't reaching inequitable conduct, that we were saying the issue was moot? That the findings of the district court was moot. And the fact that they didn't exist anymore. You weren't reversing. You weren't affirming. You were not reaching to it. Therefore, when you on inequitable conduct did not occur. That's how we treated it. And there was no reason not to treat it that way. If, as Judge Rader suggested, you would reverse, we would have had a finding of inequitable conduct. We knew that hadn't occurred. If you had affirmed the district court, we would have said, OK, we don't have unenforceability anymore. But neither of those two things occurred. What occurred was this court didn't review it. And as such, and didn't reach the we were comfortable. How do you get around Calgill? Calgill is a third circuit decision. And if you look at what happened there. Which binds us in this case, probably. And in Calgill, what's interesting, the court does say. The un-reversed determinations of the trial court continue to work and estoppel. But what happened in Calgill, and that's why you have to look at it. The issue that they're And the plaintiff there had stipulated that it occurred wrong. They didn't raise the issue on the first appeal. And they didn't raise it because they had agreed. They never raised the issue on the first appeal. So that was just assumed by everyone to be the law of the case. You're absolutely right, Your Honor. She never raised it. The issue of when the illness took place. It's only at the second trial that she tries to change the date and now wants it to be a date in the future. And that's when the Court of Appeals said this applies. But the other interesting thing about Calgill is they draw an analogy between the law of issue preclusion, they refer to it as estoppel, and the law of the case. This court, even in Exxon, said that we follow the law of the case. And it's federal law. And then you look at Mascow with issue preclusion and it says if you don't get your full day in court, which we did not have because there wasn't a decision on the appeal, that decision of the district court below is a nullity. Even if we've sent it back, the district court is just going to refine. There's no inequitable conduct. And clearly, without that, you don't even get in the door for Walker process, which has to be a lot more. What's your point? There's discovery we're going to take. We have a jury trial waiting for us down below. If she goes to rule on some rejectment, there are contested issues of fact, and we believe discovery will point out others. We have served document requests, which weren't responded to. You've lost once, but you're going to win this time. Right? That's the point. Your Honor, we believe we can prove Walker process. Yes. OK. Let me ask you a question. And we should have our day in court to do that. With respect to the inequitable conduct, was that raised as an affirmative defense or as a counterpoint? Was that the Walker process claim? No, inequitable conduct was raised as an affirmative defense. That's why when the case was severed, the Walker process counts and the unfair competition counts were separated, put out. I reserved our right for a jury trial on those. I made it very specific. We have the transcript where I reiterated that again. So at trial, there was just our affirmative defenses, including inequitable conduct, anticipation, and obviousness that we tried. We're brought up to this court. We went on obviousness. Well, the judge issued a 54B ruling in the first case. In effect, the court issued a 54B ruling. It separated out the counterclaims. Correct. The counterclaims are still active, at least from the perspective of being able to be brought below. That's correct, Your Honor. So now you have an invalid patent based on obviousness. The defense of inequitable conduct was not considered by this court. Does that really become a law of the case if the issue is not considered by this court? Our position is it does not, and that's what we've been arguing here. Now, what happens in a situation where it's not considered, but it's an issue which is still open? You go back to the district court, as Judge Rader points out, you still have to overcome the burden of proof of inequitable conduct, plus the higher burden of proof of Walker process. That's correct, Your Honor. You're saying you have all the ammunition at this point to prove that, but you didn't have it the last time. What is the difference now between what you have and what you had before? One of the issues we asked for on discovery at the trial below, there was a privilege law. The privilege law showed there were communications between the U.S. patent attorney and the Japanese patent attorney who was working on this right around the time that the various references were filed. The U.S. patent attorney's file was clean. There was nothing in it other than the patent. They destroyed it as part of their policy. The plaintiff held back those documents, put them on their privilege law, those communications. We would seek those documents now. Why would you get discovery? Isn't discovery closed? No. Remember, we're in a new case. We never took any discovery on the antitrust claims. That part of the case was not litigated. That's why we filed or served a document request. You want us to authorize you to go fishing. Let's hear from Mr. Gutman. Thank you. Thank you, Your Honor. Hank Gutman for Daiichi Sankyo. Let me begin by addressing the difference between the various forms of issue preclusion on the one hand and law of the case on the other. Let me ask you before you get into that. Do you conduct in a subsequent case under MASCA? Yes. Let me make sure since lawyers and even occasionally courts have used these terms in ways that aren't always consistent. Let me make sure that we're speaking the same language. There is not collateral estoppel. What it was called when I went to law school, now it's called issue preclusion. There's not race judicata. In a subsequent case. There is, however, law of the case. Why? Because law of the case, if you look at the Supreme Court's decision in Christensen and the line of Third Circuit cases that we cite that follow Christensen, and your Exxon decision says this is governed by regional circuit laws, so the Third Circuit is, Judge Rader's right, the Third Circuit is where we would look for it. It is not a preclusion. The district court has the power. That's the difference. I mean, and it's the difference from the mandate rule. Reinstating a decision which we held was moot? Well, again, this court has the ability to say that something is moot and knows how to say it when it means it. What the footnote says respectfully is that we need not reach these issues because you dealt with the outcome on obvious. Essentially saying that it's moot? Or not necessary. I mean, it often happens, Your Honor, that there are issues that you don't have to reach because they're various different. If a party has to win on 12 grounds and you show they've lost on one, you don't have to reach the other 11. But that's a position that the issue is moot, right? I'm not sure whether it's mootness or it's just judicial efficiency. The point, however, as Judge Rader made, was had they come in at that point and asked for reconsideration, Daiichi Sankyo asked for reconsideration. Had they come in and asked for reconsideration and said it's not moot? And the reason it's not moot is because there are overlapping issues between inequitable conduct, which was tried. He keeps talking about his day in court. They had their day in court. They had a full trial. They had full discovery. There were no open issues. They could have challenged the privilege log back then. They had full discovery. They had a trial, and we have eight and a half pages of files. Is his statement incorrect that they're entitled to additional discovery on the Walker process? Absolutely. I'm sorry. On the antitrust issues of market power, no. That was stayed. That wasn't dealt with. On the questions of damages, he's correct. That discovery wasn't addressed. But he's absolutely incorrect as to the questions of fraud, all of which were included. Again, the standard, as Judge Rader said, is much higher for Walker process. But all of that discovery was had finished the first time around, and that issue was tried. The trial took place in a district court in New Jersey. On the Walker process issue? No, I'm sorry. On inequitable conduct. On everything but causation. On everything but causation, frankly. Because all the rest, it's the same proof. The experts on patent prosecution process were there. The inventor, et cetera. All of that evidence. He's entitled to a jury trial on the Walker process. Is that not true? He would be entitled on any issues that weren't already decided. This goes back to Park Lane. By agreement, by agreement. First of all, he has not claimed here that he's been deprived of his Seventh Amendment right. He says he's entitled to a jury trial on the Walker process. He's entitled to a jury trial, Your Honor, on all the issues that are left in counterclaim that haven't already been resolved. You don't get to do it. He's entitled to a jury trial unless it's law of the case. He would be entitled on a jury trial on any issues left in the counterclaims. Or at least his demands still exist. If there are issues that need to be fought about over that, we've all preserved our rights to fight over that below. So if it's not law of the case, he gets a jury trial on the Walker process claim. Let's look at- Is that correct? He would get a jury trial on what was left. Well, we would move for summary judge. He would have to get past motion. But yes, Your Honor, on the fundamental, if you don't stipulate to try inequitable conduct first to the bench, which is what they did here, and you carved out the Walker process claim intact without first trying it to the bench. That depends on the law of the case theory, right? Well, if the effect of the decision is to render that moot and to wipe it out, and it's not law of the case, if you lose on that, he's entitled to a jury trial on Walker process, right? He would be entitled to a jury trial on Walker process under those circumstances. Has that been wiped out? Has what been wiped out? Inequitable conduct judgment of the- Well, that's the point. Oh, that's the issue, is that? That's the point. At what point was it wiped out? Whether or not that isn't law of the case. We had a trial, and the district judge issued detailed findings of fact. And frankly, if we were to look at the merits of that inequitable conduct claim, it is incredibly weak. And had my friend done what Judge Rader suggested would have been available to him and have said to the court at the time that the footnotes said you weren't reaching those issues, Judge Dyke, if he had said, well, excuse me, this does matter because these issues overlap factually with the issues- Why does he have to ask for a rehearing when he's won, when we've determined effectively that it's moot? He agrees that it's moot. Why does he have to ask for a rehearing? Did we say it was moot? The court did not say it was moot. It did say. I mean, what was the- But the court said, we don't reach these issues, period. That was it. The court did not say it was moot. And he could have asked for- Suppose the court had, suppose we had explicitly said it's moot. Then I think he had, again, in a motion for rehearing, he could have- I understand, Your Honor, that he made the tactical judge- All of this is about tactical judgments they made that they don't now like the consequences of. He made the tactical judgment having won- Yeah, but what's the answer to my question? If we had said specifically, we don't reach the inequitable conduct issue because it's moot, can that be law of the case? He should have come back at that point and said it's not moot because it relates. Why? Why does he- Because he lost an equitable- If we said it's moot, how can it be law of the case? Well, I don't think it said it was moot. It didn't say. It did not say. It was a footnote at the end of the opinion because we hold the 741 patent invalid. It's obvious we need not reach Apotex's arguments that the 741 patent was anticipated or procured through inequitable fraud. It wasn't moot because the common issues of inequitable conduct were still alive in the counterclaims and the district court decision doesn't become a non-event. District court decisions aren't presumed invalid unless and until affirmed by this court. The district court's decision is still there and it was the only pronouncement. But if the 54B motion that was filed by the district court was approved by this court, it was a 54B judgment, right? Right. The counterclaims are still active. They're still maintained at the district court level. Well, they're here because they've been dismissed. That is, they have been dismissed on our motion because you can't win Walker process if you've lost inequitable conduct. I understand that. You lost inequitable conduct. However, do you get a second bite at the apple on the Walker process if the district court is wrong on the inequitable conduct? Well, there is a way that they could have raised that apart from the rehearing. I understand that Judge Dyke disagrees with our position as to whether a rehearing would have been an opportunity to advise this panel. A petition for rehearing after the first case was decided. After the first decision, a petition for rehearing that says, excuse me, you didn't reach this issue. And you have to. And you need to because it has consequences. Because we tried before the bench by consent, no jury problem here, by consent. We tried exactly the issues without which we can't make out Walker process. And therefore, we fully briefed it. We'd like the court to decide it. They could have done it. They made the decision not to, figuring they had a better shot trying to persuade a new district judge, since that judge was retiring, to do something different the second time around. But the law of the case says it's a discretionary doctrine. And you do have the ability to review for abuse of discretion. The district judge is not precluded. She looks at the decision below and decides whether she's going to follow it. It doesn't require appellate review or appellate approval. Law of the case, in Christensen's sense, the Supreme Court sense, applies even to interim decisions by the district court, long before there's a final judgment. And there are three kinds of extraordinary circumstances. The Supreme Court says you should be loath to revisit the issue, absent extraordinary circumstances. First, newly discovered evidence. They did not argue that below. They haven't argued it here, except for the reference to the discovery he thinks he's going to get, when he's already had full discovery. That first came up in oral argument. It involved an unreviewed decision, right? I'm sorry? Christensen did not speak to the question of whether an unreviewed decision, where the issue was argued and not reached by the district court the first time around, remains as law of the case. Christian, Your Honor, if you look at the line of Third Circuit cases, we've got two pages of sites. Many of them are decisions that never got to the Court of Appeals. All those cases made it. Sure. I mean, nobody's arguing that if the issue didn't get up to the Court of Appeals, that it's not law of the case. If they decided not to brief the issue, if they decided not to raise the issue, it can become law of the case. But this is a situation in which they did raise the issue. Is there any Third Circuit case where they did raise the issue, and the court, like this one, said, we're not going to reach it, where it's been held to be law of the case in future situations? I'm not sure whether PIRG may have been such a case, Your Honor. I will take a look at that. But the point is, law of the case doesn't depend on any action by the Court of Appeals. Let me skip to the third of the extraordinary circumstances. The third of the extraordinary circumstances is clear error in the original decision leading to a manifest injustice. In other words, they had, when we made this motion here, Judge Gaiarsa, they had the opportunity to go into the district court and argue that Judge Bassler got it wrong on inequitable conduct. They had an absolute free shot at that when we made the motion in the district court. They didn't say, boo. When we came here, now, having failed to raise the issue below, we would have, I think, a good argument they can't raise it here. But they still didn't even try. If you look at their briefs, there's not a sentence saying that the typographical error in the IDS would have been a basis for inequitable conduct, or the failure expressly to say that a patent whose application had been voluntarily produced, subsequently issued as a US patent, when you did produce the European patent that recites that patent issued as a US patent, and you had the same examiner. Why would they raise that? They're saying it's not law of the case. The complaint shouldn't have been dismissed. The only ground for dismissing the complaint was law of the case. So we're entitled to proceed. Why would they start arguing the facts? Have you made a summary judgment? Didn't this court state in Exxon that the trial court is not constrained with issues not considered by this appellate court? Correct. I mean, that is- We said it ourselves. This court has said it. Absolutely. I mean, it's not saying it's law of the case means they have an opportunity to argue it. And they have not done that. They still haven't done it today in this court. And this court's not constrained by law of the case. Law of the case is a doctrine that deals with courts of comparable jurisdiction. The decision of a district court doesn't bind this court. So again, responding to Judge Rader's initial question, there's nothing that would have prevented him from arguing the merits to this court today. And this court would not have been constrained by Judge Bassler's decision and would have been absolutely free to say, we've looked at it. It's right. It's wrong. Whatever. You have the decision before you. But he, again, made the decision not to do that. His argument is that you don't get to the merits of inequitable conduct until the third appeal to this court. Now, that's not what judicial efficiency is about. Law of the case is a discretionary doctrine. Again, it's different from preclusion. The points Judge Dyke about what this court did, about this court's silence on the issue or failure to address the merits of the issue and the impact of that. If we were talking issue preclusion, absolutely. But that's not what law of the case is about. And law of the case is a discretionary concept that's intended to preserve judicial resources. And it basically says, if another judge of comparable jurisdiction has already decided this issue, I'm not going to redo it unless there's a good reason. And then three examples of good reasons are provided in the Third Circuit case law, none of which have been demonstrated here, none of which have even been argued here. And in that circumstance, that is a correct application of the law of the case doctrine. And since you can't make out inequitable conduct, if you haven't, I'm sorry, you can't make out Walker process if you haven't made out inequitable conduct, pursuant to this court's decisions in FMC and Noble Pharma, I'm sorry, the Walker process case is gone. It went away by motion to dismiss, which is what often happens in situations of this sort. Thank you, Mr. Gutton. Thank you. Mr. Bryce Blatt, you have a minute remaining. If I may, Your Honor, in Calville, the Third Circuit case at page 802, the Third Circuit, in fact, said that issue preclusion and law of the case are one and the same. This court in Masco said very specifically, once an appellate court is affirmed on one ground and passed over another, preclusion does not attach to the ground admitted from its decision. So issue preclusion is the same as law of the case. And here we even have a stronger case, because this court reversed initially. What about the Exxon site? Does not constrain the trial court with respect to issues not actually considered by an appellate court? We didn't consider it. But Masco comes after Exxon. And in Masco, this court- Well, Exxon then governs. Exxon is the governing law. We disagree that Exxon says that when you look at what the facts- I just quoted it. I'm sorry. I read directly from the case. In Exxon, there was not a reversal, if I recall correctly. In this case, there was a specific reversal. And this court said, we're not specifically getting to one of the defenses you raised. Therefore, it's our position that under those facts, which aren't the same as in Exxon, under those facts, where, in fact, the patent has now been held to be invalid, there were these other claims set aside, and this court decides not to get to a law of case that doesn't bind, and we are not prohibited from having our trial in front of the jury. Thank you.